UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JAMES S. HUDSON | ) | |
| | ) | |
| v. | ) | 1:10-cv-296 |
| | ) | *Mattice/Carter* |
| PAUL JENNINGS, WARDEN | ) | |

**MEMORANDUM**

Petitioner James S. Hudson ("Petitioner), a prisoner confined at CCA-Silverdale Correctional Facility in Chattanooga, Tennessee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Court Doc. 2]. Petitioner challenges his judgment of conviction and sentence entered by the General Sessions Court of Hamilton County, Tennessee, contending his previous sentence had fully expired prior to its revocation and his subsequent incarceration.

In response to the January 3, 2011, order of the Court, Warden Paul Jennings ("Respondent") filed a motion to dismiss and advised that Petitioner has failed to exhaust his state remedies [Court Docs. 13, 14]. After reviewing the record and the applicable law, the Court concludes that the motion to dismiss [Court Doc. 13] will be **GRANTED** and the § 2254 petition [Court Doc. 2] will be **DISMISSED WITHOUT PREJUDICE** as being prematurely filed.

**I.    Background**

Petitioner pleaded guilty to failure to appear, in case number 1354339, and driving on a revoked license, in case number 1343467, in Hamilton County General Sessions Court [Court Doc. 15-1]. On April 27, 2009, Petitioner was sentenced to 11 months and

1

29 days for driving on a revoke license, which was suspended after the service of 90 days in jail. Petitioner also received a suspended sentence of 11 months and 29 days for failing to appear, which was ordered to run consecutively to the sentence for driving on a revoked license [Court Docs. 15-1; 15-2]. Petitioner's sentences were subsequently revoked on April 30, 2010 [Court Docs. 15-1; 15-2]. Petitioner subsequently filed a petition for suspended sentence which was denied on September 13, 2010 [Court Doc. 15-2]. Petitioner did not pursue a direct appeal or state post-conviction relief.

**II. Analysis**

Petitioner contends he is incarcerated on expired sentences and entitled to release. Respondent contends his habeas petition must be dismissed for failure to exhaust his state remedies.

As a general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies. 28 U.S.C. § 2254; *Hannah v. Conley,* 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy,* 455 U.S. 509, 510 (1982). This exhaustion requirement gives state courts a fair opportunity to address any federal errors in the first instance and respects the principle of comity between the state and federal courts. *Id.* at 515-16. Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the prisoner to pursue. *Id. at* 519-521; *O'Guinn v. Dutton,* 88 F.3d 1409, 1412 (6th Cir. 1996), *cert. denied,*

519 U.S. 1079 (1997).  Furthermore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the standard of review in federal habeas petitions filed pursuant to 28 U.S.C. § 2254 and provides that the exhaustion requirement is met if all state court remedies have been exhausted, there is an absence of available state corrective process for adjudicating the claims, or circumstances exist that render such process ineffective to protect petitioner's rights.  See 28 U.S.C. § 2254(b)(1); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).

As acknowledged by Petitioner, he has not completed a direct appeal of his convictions or pursued any collateral remedies he may have under state law. Consequently, the state courts have not been given the opportunity to review and decide the constitutional claims raised in this federal habeas petition.  In other words, Petitioner has failed to exhaust his available state court remedies by fairly presenting all of his claims to the state courts. [Court Docs. 14, 15, 15-1, 15-2, 15-3].  In addition, Petitioner has not alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition nor are any such circumstances apparent from the record [Court Doc. 2].  Thus, it is undisputed that Petitioner has failed to exhaust his state remedies, and there is no evidence of an absence of available state corrective process or that any circumstances exist that render such process ineffective to protect Petitioner's rights. Therefore, the Court concludes that Petitioner has failed to exhaust his state remedies.

Accordingly, an appropriate judgment order will enter **DISMISSING WITHOUT PREJUDICE** Petitioner's petition for federal habeas relief.

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE